HYSINGER *vs.* T. & P. BALTZELL.—*June*, 1831.

By the act of *Nov'r.* 1765, *ch.* 12, it is declared, that if a person who is liable to an action, shall be out of the province at the time the cause of action hath accrued, he shall have no benefit or advantage from the act of 1715, *ch.* 23, (the act of Limitations) provided, the person who has such cause of action shall prosecute the same, after the presence, in this province, of the person liable thereto, within the time or times limited, in and by the said act of 1715. HELD, upon the construction of this act:

1. That the acts of 1715, *ch.* 23, and 1765, *ch.* 12, are to be taken together, and to receive a construction to carry into effect the plain and obvious intention of the Legislature, that limitations should not attach against a creditor, where the debtor was absent from the *State*, at the time the cause of action accrued.

2. That if at any time after the cause of action accrued, the debtor, by his presence in the *State*, afforded the creditor an opportunity to prosecute his writ with effect, he should institute his action within the time required by the act of 1715, or his claim would be barred by limitations.

3. To bring a case within the act of 1765, the presence of the debtor within the *State*, must be such as to enable the creditor to avail himself of it; a secret, concealed, clandestine presence for any length of time, of which, the creditor could not take advantage, would not be sufficient. It must be so public, and under such circumstances, as to give the creditor an opportunity, by the use of ordinary diligence and due means, to arrest the debtor.

Where a cause of action accrued in October, 1822, when the defendant was a resident of another *State*, and it appeared, upon a *case stated*, that the defendant was in *Baltimore*, where the plaintiff resided, in April 1823, "purchased other goods from the plaintiff, and remained there for two days," It was HELD, that limitations did not then attach, because it did not ap-

pear.at what time during those two days, the defendant made his purchase; nor whether the plaintiff had an opportunity to sue out a writ against him with effect.

Upon a case stated, the court can supply no fact by implication.

Appeal from *Washington* County Court.—*Assumpsit* by the appellees, *Thomas* and *Philip Baltzell*, against the appellant, *Christian Hysinger*, instituted November 13th, 1826, for goods, wares and merchandize, sold and delivered by the appellees, to the appellant and *John Strealey. Non Assumpsit* and Limitations were pleaded. A verdict was taken by consent, for the plaintiffs, subject to the opinion of the court, upon the following statement of facts—viz :

" That at the time when the goods in the declaration mentioned were sold and delivered, the plaintiffs were, and still are merchants, residing in *Baltimore*, and that the defendant resided in *Chambersburg*, in the State of *Pennsylvania*, from that time until November, 1824, when he removed to *Maryland*. It is further admitted, that the said goods were sold and delivered to the defendant, on the 13th of April, 1822, upon a credit of six months. That in the month of December, 1822, the defendant made a payment, in *Baltimore*, to the plaintiffs, upon another claim, which they had against him. In April, 1823, the defendant purchased other goods from the plaintiffs in *Baltimore*, for which he paid the cash, and remained there two days. That, at that time, the defendant admitted the money, now in question, to be due, and promised to pay it. That the defendant was again in *Baltimore*, in the summer of 1823, and his being there was known to the plaintiffs. If the court shall be of opinion, that the defendant can, under these circumstances, avail himself of the statute of limitations, then judgment for the defendant, otherwise for the plaintiffs. Either party to be at liberty to appeal, or sue out a writ of error."

The County Court, upon the preceding statement, gave judgment on the verdict for the plaintiffs, and the defendant brought the present appeal.

The cause was argued before Martin, Stephen, Archer, and Dorsey, J.

*Price*, for the appellants, contended,

1. There being no replication, the issues are formed, by what is affirmed by the declaration, and denied by the pleas; and that the facts agreed, can be considered only, with a view to the truth or falsehood of the issues, thus formed.

2. Had there been a replication in proper form, stating that the defendant, at the time the cause of action accrued, was absent out of the State, still the facts agreed, were sufficient to entitle the appellant to the judgment of the court below.

He referred to the act of 1765, *ch.* 12, *sec.* 2, 3.

*Mayer*, for the appellees.

1. The case stated is a part of the record, and is considered as constituting a part of the pleadings. The statement of facts in this case, shows the ground relied upon to avoid the bar of the statute, and is equivalent to a special replication.

2. The mere circumstance of the presence of the defendant, at the time the cause of action accrued, is not sufficient to entitle him to the benefit of the statute, unless the plaintiff had a reasonable opportunity of suing him with effect, and the case stated should exhibit the fact. He referred to *Fowler vs. Hunt,* 10 *Johns. Rep.* 465. *White vs. Bailey,* 3 *Massa. Rep.* 271. Acts of 1715, *ch.* 23. *sec.* 4, and 1765, *ch.* 12, *sec.* 23, and to *Oliver vs. Gray,* 1 *Harr. and Gill,* 216.

MARTIN, J., delivered the opinion of the court.

This was an action of *assumpsit* instituted to recover the value of certain goods, wares and merchandizes, sold and delivered by the plaintiffs, to the defendant and a certain *John Strealey.* To the declaration filed in this cause, the defendant pleaded *non assumpsit,* and *non assumpsit infra tres annos.* The record contains no replication to these pleas, although the jury were sworn to try the issues between the parties. This omission, we are induced to believe, proceeded from an agreement, that a mere formal verdict should be taken by consent, subject to the opinion of

the court upon a case stated. Under the impression, that this agreement was intended by the parties, as a waiver of all irregularity in the pleadings, and that the court should decide upon the law, presented by the case stated, we proceed to review their opinion.

It is admitted, the goods, wares and merchandizes were sold and delivered on the 13th of April, 1822, upon a credit of six months; the debt was therefore demandable on the 13th of October, 1822, and if no impediment had interposed, limitations would at tach at that time; this however, was prevented by the absence of the defendant from the *State* of *Maryland.* The presence of the defendant in the *State*, in *December, 1822*, would not bar the plaintiffs' action, because the defendant, in 1823, admitted the debt and promised to pay it, which acknowledgment revived the original cause of action. In April, 1823, the defendant was in *Baltimore*, remained there two days, was with the plaintiffs, and had dealings with them. He was also in *Baltimore* in the summer of 1823, and the plaintiffs knew it. If then, limitations attached in April, 1823, or afterwards in the summer of that year, the action would be barred, because more than three years had elapsed, from either of those periods, before the institution of this suit, which was on the 13th of November, 1826.

By the act of 1715, *ch.* 123, it is enacted, (among other things) that all actions on the case upon simple contract, book debt or account, shall be commenced within three years ensuing the cause of such action, and not after; and by a supplementary act in November, 1765, *ch.* 12, it is declared, that if a person who is liable to an action, shall be absent out of the province at the time the cause of action hath accrued, he shall have no benefit or advantage from the act of 1715, provided, the person who has such cause of action, shall prosecute the same, after the presence, in this province, of the person liable thereto, within the time or times limited in and by the said act of 1715. These acts are to be taken together, and to receive a construction to

carry into effect the plain and obvious intentions of the Legislature, that limitations should not attach against a cred-, itor, where the debtor was absent from the *State* at the time the cause of action accrued, because no beneficial result could be expected from the suing out a writ, when the debtor could not be arrested.    But this privilege should cease, when the cause upon which it was founded, was removed. If, therefore, the debtor, at any time after the cause of action accrued, by his presence in the *State,* afforded the creditor an opportunity to prosecute his writ with effect, he should institute an action within the time required by the act of 1715, or his claim would be barred by limitation.    To bring the case within the act of 1765, the presence of the debtor in the *State,* must be such as to enable the creditor to avail himself of it.    A secret, concealed, clandestine presence, for any length of time, of which the creditor could not take advantage, would not be sufficient.    It must be so public, and under such circumstances, as to give the creditor an opportunity, by the use of ordinary diligence, and due means, to arrest the debtor.

The court were called on, to apply this law to a statement of facts agreed on by the parties, and they were bound to decide upon *those facts,* as in the case of a special verdict ; they could make no inferences unless they be of law, or such as are clear, undeniable deductions from the statements agreed on.    It is competent for a *jury to* draw inferences from testimony submitted to them ; but that power is not extended to a court, when required to act on a case stated, where nothing can be supplied by implication.    It is stated the defendant was in *Baltimore,* in April, 1823, purchased other goods from the plaintiffs, and remained there for two days.    The first impression made upon the mind, by these facts, might fairly be, that this afforded the plaintiffs an opportunity to sue out a writ, and arrest the defendant; but when we apply the strict rule of law, that the court must decide upon *those facts alone,* without deducing any inference from them, or supplying any other fact, to aid them, we will

find all those stated facts may be true, and yet the plaintiffs were not in default. It might be true the defendant was in *Baltimore* for two days, and that he purchased goods from the plaintiffs, yet if their knowledge of his being there arose *solely* from the purchase made, and that purchase was made *immediately* before the defendant left the city, that would not afford them an opportunity to sue out a writ with effect. If it had been stated, that the defendant was in *Baltimore* for two days, and that the plaintiffs knew he was there for *that space of time, laches* might be imputed to them; but this is not stated, and the court could not infer it. The same remarks will apply to the presence of the defendant in *Baltimore,* in the summer of 1823. He was there, and the plaintiffs knew it; *non constat,* that he was there within the knowledge of the plaintiffs, *for so long a time* as would have enabled them to have a writ with a reasonable expectation of deriving a beneficial effect from it.

We are, therefore, of opinion, that the court below, being confined to the facts in the case stated, were correct in the judgment they pronounced.

JUDGMENT AFFIRMED.